Slip Op. 07 - 114

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - x
VALUE VINYLS, INC.,                 :

                Plaintiff,   :

    v.                              :    Court No. 01-00896

UNITED STATES,                      :

                Defendant.   :
- - - - - - - - - - - - - - - - - - x

Memorandum & Order

[Defendant's motion for rehearing or reconsider-
 ation of the court's judgment granted, in part.]

Dated:  July 20, 2007

      Givens & Johnston PLLC (Robert T. Givens and Rayburn Berry) for the plaintiff.

      Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley); and Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (Beth C. Brotman), of counsel, for the defendant.

      AQUILINO, Senior Judge:  Final judgment has been entered in this action pursuant to slip opinion 07-17, 31 CIT ___ (Jan. 30, 2007), familiarity with which is presumed, that adjudged and decreed plaintiff's merchandise as correctly

Court No. 01-00896                                               Page 2

classifiable under subheading 3921.90.11 of the Harmonized Tariff Schedule of the United States ("HTSUS") and that ordered U.S. Customs and Border Protection ("CBP") to reliquidate any entries of that merchandise that have not been liquidated thereunder.  Counsel for the defendant have responded with a Motion for Rehearing or Reconsideration of the Court's Judgment, which protests that this court has

> erred in (1) placing undue reliance on the cross-references found in the Conversion Report (USITC Pub. 1400), rather than on the traditional classification process . . .; and (2) failing to apply the traditional classification process to determine whether the imported merchandise satisfied the requirements for classification under subheading 3921.90.11 . . ..

Defendant's Brief in Reply, p. 2 (citations omitted).

I

Suffice it to report that this motion has caused the court to reconsider its slip opinion and concomitant judgment. Suffice it also to verify, however, that, as always in a matter such as this, the court has adhered to its duty "to find the *correct* result[] by whatever procedure is best suited to the case at hand", Jarvis Clark Co. v. United States, 733 F.2d 873, 878, reh'g denied, 739 F.2d 628 (Fed.Cir. 1984)(emphasis in

Court No. 01-00896                                                    Page 3

original), and has indeed applied "the traditional classification process".  See Slip Op. 07-17 *passim*.

     Whether labeled "appropriate means", 733 F.2d at 880, or "traditional process", classification under the tariff schedules always involves first a reading of the language that particular imports arguably implicate therein.  Here, there is no dispute as to what that HTSUS language is, namely, heading 3921 ("Other plates, sheets, film, foil and strip, of plastics") and subheadings:

```
    3921.90       Other:
                          Combined with textile materials and
                          weighing not more than 1.492 kg/m²:
                                  Products with textile components
                                  in which man-made fibers predomi-
                                  nate by weight over any other
                                  single textile fiber:
    3921.90.11                            Over 70 percent by weight
                                          of plastics

                              *     *     *

    3921.90.19                    Other
```

The defendant now apparently considers this language clear and unambiguous.  This court does not.  Indeed, as recognized in slip opinion 07-17, in a prior case Customs took the position that the language "[w]ith textile components in which man-made fibers predominate by weight over any other single textile fiber", which was also found in HTSUS subheading 4010.91.15 (1989),

>    does *not* require the presence of more than one "class
>    of" textile fiber in order for man-made fibers "to
>    predominate by weight over any other single textile
>    fiber."

31 CIT at ___, Slip Op. 07-17, p. 11, quoting from <u>Semperit Indus. Prods., Inc. v. United States</u>, 18 CIT 578, 582, 855 F.Supp. 1292, 1296 (1994)(emphasis in original).  The court in that matter did not agree.

Where the language of a statute is clear, a court should not inquire further into the intent of Congress.  <u>E.g.</u>, <u>Pillowtex Corp. v. United States</u>, 171 F.3d 1370, 1373 (Fed.Cir. 1999).  That is not the case here, nor was it in <u>Semperit</u>, where the court considered the common and popular meaning of the word "predominate" after concluding there was no clear legislative intent.  <u>See</u> 18 CIT at 585, 855 F.Supp. at 1298.

In the case at bar, this court has had to apply the same statutory interpretation hierarchy to all of the terms at issue, taking the legislative intent into account.  <u>See</u>, <u>e.g.</u>, <u>Brecht Corp. v. United States</u>, 25 CCPA 9, 13, T.D. 48977 (1937); and <u>United States v. Clay Adams Co</u>., 20 CCPA 285, 288-89, T.D. 46078 (1932).  That is, in accordance with the traditional classification process, this court resorted to legislative

history for assistance in interpreting the meaning.  See 31 CIT at ___, Slip Op. 07-17, p. 2, citing Cherokee Nation of Oklahoma v. Leavitt, 543 U.S. 631 (2005).

   The defendant apparently considers the reported result of this resort to be "undue reliance".  But other courts have taken the "Conversion Report", USITC Pub. 1400 (June 1983), into account.  E.g., Jewelpak Corp. v. United States, 297 F.3d 1326, 1342-43 (Fed.Cir. 2002)(Gajarsa, J., dissenting)("that Congress intended [the conversion] to be essentially revenue neutral[] provides a strong rationale"); Bausch & Lomb, Inc. v. United States, 148 F.3d 1363, 1368 (Fed.Cir. 1998)("Conversion Report is 'clearly relevant' in determining the correct classification"), citing Beloit Corp. v. United States, 18 CIT 67, 81, 843 F.Supp. 1489, 1499 (1994).  Indeed, as noted in slip opinion 07-17, the defendant took the position in Semperit, supra, that

> Congress intended to diverge from the principle set forth in the ITC Report and relied upon by plaintiff that the rates established in the TSUS [Tariff Schedules of the United States] should carry over to the HTSUS.

18 CIT at 583-84, 855 F.Supp. at 1297.  Again, that court did not agree with the defendant.  See 31 CIT at ___, Slip Op. 07-17, p. 13, quoting from 18 CIT at 588, 855 F.Supp. at 1300.

Be those cases as they were, including, for example, <u>Lonza, Inc. v. United States</u>, 46 F.3d 1098 (Fed.Cir. 1995), wherein a particular HTSUS provision was found to be a marked departure from the TSUS, defendant's motion at bar does not show any intent on the part of Congress that transformation of the TSUS into the HTSUS would also transmogrify the 4.2 percent duty that clearly would have attached to entries of plaintiff's goods under TSUS item 355.81 into the duty advance CBP now demands.

The record reflects that plaintiff's product by weight is 82 percent plastic and 18 percent man-made textile material that together weigh less than 1.492 kilograms per square meter. Given this makeup, in the light of the "duty" enunciated by the court of appeals in <u>Jarvis Clark</u>, this court cannot (and therefore has not) come to conclude that classification of this merchandise is more correct, or better, under HTSUS subheading 3921.90.19 than 3921.90.11.

II

In having hereby engaged in reconsideration of slip opinion 07-17, as requested by defendant's instant motion, this court cannot discern any "miscarriage of justice" of the kind that motions like defendant's are interposed to correct.  <u>See</u>,

Court No. 01-00896                                                  Page 7

e.g., <ins>Starkey Laboratories, Inc. v. United States</ins>, 24 CIT 504, 110 F.Supp.2d 945 (2000), and cases cited therein.  Ergo, the requested amendment of the judgment entered pursuant to slip opinion 07-17 must be, and it hereby is, denied.

       So ordered.

Dated:   New York, New York
         July 20, 2007

                                              /s/ Thomas J. Aquilino, Jr.
                                                     Senior Judge

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____   By: _____
                                         Deputy Clerk